805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Michael Donald BRAY, Appellant.
 No. 85-5195.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1986.
Decided Nov. 13, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, District Judge. (H-85-082).
 Robert F. Muse (Stein, Mitchell & Mezines; Thomas G. Fiore on brief), for appellant.
 Robert J. Mathias, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 D.Md.
 REVERSED AND REMANDED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant was convicted of several offenses in connection with the fire bombing of a number of abortion clinics and allegedly related facilities. We reverse because of the imposition of a juror selection process which diluted the right of peremptory challenges, United States v. Ricks, --- F.2d ---- (4th Cir.1986) (en banc ), but we reject the contention of error in the restriction of voir dire of the jury venire.
 
 I.
 
 2
 After several members of the venire were excused for cause, the parties were furnished with a list of 74 qualified jurors from which the defendant was to exercise his right of ten peremptory challenges. The court declined to tell counsel where on the list it intended to start. It simply announced that after the peremptory challenges had been exercised, the court would pick a foreperson for the jury and that the jury would consist of that person and the next eleven named jurors. Counsel were told that they should exercise their main panel peremptory challenges of jurors on the first six pages of the list, while the alternate jurors were to be drawn from the last three pages. The number of jurors listed on the first six pages far exceeded the minimum number for the constitution of a twelve-person jury after exercising all peremptory challenges.
 
 
 3
 Quite recently, this court, sitting en banc, held that this procedure was an impermissible dilution of a criminal defendant's right to exercise peremptory challenges. United States v. Ricks, supra.
 
 
 4
 Ricks requires that the conviction be reversed and this case remanded for a new trial before a properly constituted jury.
 
 II.
 
 5
 Bray's counsel submitted a list of 101 questions to be addressed to the jury venire designed to discover strong feelings, one way or the other, about abortion. The district court put some of the questions to the venire, including inquiries about participation in demonstrations by pro-abortion or anti-abortion groups and the presence of strong religious or moral convictions concerning abortion that might impair a juror's impartiality. There were a number of affirmative responses by jurors at both ends of the spectrum, and those jurors were excused.
 
 
 6
 The district court, however, declined to put to the venire a question requested by Bray:
 
 
 7
 Have you or any member of your family or any close friend, to the best of your knowledge, ever had an abortion?
 
 
 8
 Since the case is to be retried, the issue will arise again unless it is now settled. For that reason, we think it appropriate to now state our unequivocal approval of the district court's refusal to put the question.
 
 
 9
 The district court had put a number of questions designed to uncover potential prejudice related to the controversy over abortions. There were a number of affirmative responses. There was inquiry in this area of concern. The question, then, is not whether there should have been some inquiry in this area, but whether the inquiry actually conducted, without the additional question requested by Bray, was sufficient. See Rosales-Lopez v. United States, 451 U.S. 182, 193 (1981).
 
 
 10
 The proposed question would have intruded deeply into the private lives of potential jurors, the spouses of male members of the venire, their daughters and close friends. An affirmative response by a member of the venire would have prompted further questioning about the circumstances of a tremendously personal and private decision by a member of the venire, or of a female in a close familial or personal relationship with the venire member. Potential jurors have rights of privacy, as well as young women. They are not present voluntarily, and there should be no extensive intrusion into their private lives or the private lives of persons in close relationships with them unless fairness to the criminal defendant demands it.
 
 
 11
 In light of the questions actually put to the venire, refusal to put this question was well within the discretion of the district court. See Ham v. South Carolina, 409 U.S. 524, 526-27 (1973).
 
 
 12
 REVERSED AND REMANDED.